[No. 29766. Department One. March 18, 1946.]

HARRY SCHWARTZ et al., Respondents, v. P. T. COLLETT et al., Defendants, AXEL HEIDEMANN et al., Appellants.[1]

[1]Reported in 166 P. (2d) 940.

*Marion Garland, Sr.,* and *Marion Garland, Jr.,* for appellants.

*James G. Mulroy,* for respondents.

SIMPSON, J.—Plaintiffs brought action to replevin merchandise sold to defendants Collett upon a conditional sales contract. Defendants Collett were not served with process and did not appear. Defendants Heidemann filed an answer in which it was alleged that they purchased a certain described tract of real property in Kitsap county and that at the time of purchase the real estate records of Kitsap county did not disclose any agreement referred to by plaintiffs. The cause tried by the court resulted in a judgment in favor of plaintiffs.

Defendants Heidemann have appealed to this court. Their assignment of error is that the trial court erred in holding that the sales contract came under the manufacturers and industrial exception as contained in Rem. Rev. Stat. (Sup.), § 3790 [P. P. C. § 187-1].

The record discloses the following facts: August 30, 1941, the Alaska Junk Company, owned by respondents, sold to P. T. Collett certain plumbing and plumbing supplies consisting of pipes, tees, plugs, unions, ells, a thirty-gallon hot water tank, complete, a five h.p. centrifugal pump, one 500-gallon tank, one five and one-half foot bathtub, complete, one toilet complete, and a wash basin, complete. The sales price was $574.85, of which one hundred dollars was paid at the time of sale. The balance was to be paid in monthly installments.

The conditional sales contract evidencing the sale was filed with the auditor of Kitsap county September 9, 1941. The contract provided that the property "be located and remain at Meadowdale Village, City or Town of Manette, County of Kitsap, State of Washington" until the full pur-

chase price was paid. Within a week after the sale had been consummated, the personal property had been installed on and in the real property then owned by Collett and wife. November 27, 1942, Mr. and Mrs. Collett sold the real property to August T. Skoldberg. Mr. Skoldberg knew nothing about the conditional sales contract. On December 7, 1943, Skoldberg sold the property to appellants. Prior to the time appellants purchased the property, several neighboring property owners had made connections with the water system on the Collett property. No charge for the water was made by the owners of the real estate.

The applicable statutes are Rem. Rev. Stat. (Sup.), §§ 3790, 3791 [P. P. C. §§ 187-1, 187-3]. The first named relates to conditional sales contracts. It provides that such sales shall be absolute as to bona fide purchasers unless within ten days after the purchaser takes possession a memorandum of the sale signed by the vendor and vendee shall be filed in the auditor's office of the county wherein the vendee resides. The above section provides further that, if the personal property sold is to be attached to a building, whether a fixture at common law or not, it shall be absolute as to subsequent bona fide purchasers of the building or land, unless the contract shall contain a sufficient description of the real estate. This latter portion of the statute does not apply to machinery, apparatus, or equipment to be used for manufacturing or industrial purposes. Section 3791, to which we have referred, contains directions relating to the filing of conditional sales contracts and provides that, if the contract relates to equipment attached to a building, then such instrument shall, in addition to filing and indexing, be indexed and recorded in the records of mortgages in the county wherein the land which the building occupies is situated. This section also contains an exception relative to machinery, apparatus, or equipment to be used for manufacturing or industrial purposes.

As stated to the trial court, respondents rest their case upon the exceptions contained in the statutes; that is, they contend that Collett, Skoldberg, and appellants en-

gaged in an industrial enterprise when they allowed their neighbors to secure water from their tank or pump, and that therefore it was not necessary to describe the property upon or in which the personal property was placed.

We are unable to hold that appellants or their predecessors in interest were using the personal or real property for industrial purposes. The owners of the property simply allowed their neighbors to use water from the well that was equipped with the five h.p. centrifugal pump. Their neighborly act cannot be construed as engaging in the business of supplying water, much less that it constituted an industrial enterprise. The facts in this case, therefore, do not bring the property mentioned in the conditional sales contract within the exceptions mentioned in the statute.

It is quite evident that the description of the property upon which the merchandise was located was not sufficient to comply with the provisions of the statute. As a matter of fact, there was no attempt to describe the property. The contract only indicated the vicinity or portion of the county in which the property was to be retained. Meadowdale Village is meaningless in so far as it gave any notice to the purchasers of the real property. Respondents did not comply with the provisions of the statutes to which we have referred and therefore cannot recover the personal property which they sold to P. T. Collett.

The judgment is reversed, with instructions to dismiss the action.

DRIVER, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.